# United States Court of Appeals
## For the First Circuit

No. 04-6001

UNITED STATES OF AMERICA,
Appellee,

v.

GARY LEE SAMPSON,
Defendant, Appellant.

Before
Boudin, Chief Judge,
Torruella, Circuit Judge,
Selya, Senior Circuit Judge,
Lynch, Lipez, and Howard[*], Circuit Judges.

**ORDER OF COURT**
**Entered: July 27, 2007**

Pursuant to First Circuit Internal Operating Procedure X(C), the petition for rehearing en banc has also been treated as a petition for rehearing before the original panel. The petition for rehearing having been denied by the panel of judges who decided the case and the petition for rehearing en banc having been submitted to the active judges of this court and a majority of the judges not having voted that the case be heard en banc, it is ordered that the petition for rehearing and petition for rehearing en banc be denied.

---

[*]    Judge Howard is recused and did not participate in consideration of this matter.

**TORRUELLA, <u>Circuit Judge</u>, dissenting from the denial of rehearing en banc.**

Fed. R. App. P. 35(a) provides that en banc rehearings are not favored unless "the proceeding involves a question of exceptional importance." This Court has now denied en banc review in a case that not only involves a legal question of exceptional importance -- this is the first case in the history of the First Circuit to have interpreted the Federal Death Penalty Act -- but a moral question of exceptional importance: what process is necessary to deprive a man not only of his liberty and pursuit of happiness, but of his life.

This might simply be a difference in opinion as to what "exceptional importance" means. However, the recent history of this Circuit convinces me that it is not. This Circuit has recently granted en banc review to examine a credibility determination, <u>see</u> <u>Castañeda-Castillo</u> v. <u>Gonzales</u>, 488 F.3d 17 (1st Cir. 2007) (en banc), the reasonableness of one defendant's eight year sentence, <u>United States</u> v. <u>Scherrer</u>, 444 F.3d 91 (1st Cir. 2006) (en banc), a dispute within this court over the interpretation of the Wiretap Act, <u>United States</u> v. <u>Councilman</u>, 418 F.3d 67 (1st Cir. 2005) (en banc), and sundry other cases involving questions that are surely less important than one where a man's life is in the balance.[1] This is not to suggest that it was improper for this Court to take those cases en banc -- surely, it was not -- but to point out that by comparison, this case is sufficiently important to rehear.

---

[1] <u>See, e.g.</u>, <u>United States</u> v. <u>Padilla</u>, 415 F.3d 211 (1st Cir. 2005) (en banc) (whether a court must specify the number of drug tests to which a defendant on supervised release will be subject); <u>Savard</u> v. <u>Rhode Island</u>, 338 F.3d 23 (1st Cir. 2003) (en banc) (whether a municipal defendant would be entitled to qualified immunity for strip searches of people arrested for non-violent, non-drug related minor offenses); <u>JOM, Inc.</u> v. <u>Adell Plastics, Inc.</u>, 193 F.3d 47, 59 (1st Cir. 1999) (en banc) (deciding a question that "was never briefed or argued, either below or on appeal").

Indeed, it is not only imperative for the Court to take this case en banc to answer the ultimate moral question posed by this case, but also the many subsidiary legal questions. Our decision to not take this case en banc has deprived the full court the opportunity to decide such important questions as the following. When, if ever, may a court deprive a member of a religious order the ability and privilege of serving on a death penalty jury simply because the court believes that the religious order might be unhappy with the member for having done so? May a jury impose the death penalty based on the "vulnerability" of a victim even if the defendant was unaware of such vulnerability? Should a jury vested with the awesome task of imposing the death penalty be asked to parse instructions on burdens of proof which are, by all accounts, confusing?

I do not mean to imply with these questions that I have prematurely concluded that the death penalty should not apply here. We may have well decided that Sampson was eligible for the death penalty after reviewing the evidence and hearing argument on these issues. However, this Court has decided that these issues are insufficiently important, and thus has deprived not only Sampson, but future death penalty litigants of the benefit of our collective judgment. I would have reheard this case en banc, and accordingly, I must dissent.

**LIPEZ, <u>Circuit Judge, dissenting from the denial of en banc review</u>.** I was a member of the panel in this case. With the one qualification noted in the opinion, I fully support the decision that the panel reached. Nevertheless, I regret the denial of rehearing en banc. This case is unlike any other our circuit has considered. Despite my confidence in the panel's judgment, I believe that the issues raised by the imposition of the death penalty are so important and challenging that our decision here -- and future decisions -- should be informed by the views of colleagues who wish to contribute to the circuit's developing jurisprudence in this area. I therefore respectfully dissent from denial of the petition for en banc review.

By the Court:
Richard Cushing Donovan, Clerk


____/s/_____
By: Margaret Carter, Chief Deputy Clerk

[Certified copies to Hon. Mark L. Wolf and Ms. Sarah Thornton, Clerk, United States District Court for Massachusetts. Copies to Mr. Ruhnke, Mr. Vien, Mr. Dratel, Ms. Chaitowitz and Mr. Lane.]